# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

R. JOSHUA KOCH, JR.,
Plaintiff,

§
§
§
§

VS.

§
§

CIVIL ACTION NO. _____

XL SPECIALTY INSURANCE COMPANY,
Defendant.

§
§

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

### TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff R. JOSHUA KOCH, JR. ("Koch") files this Original Complaint against Defendant XL SPECIALTY INSURANCE COMPANY ("XL"). In support thereof, Koch would respectfully show as follows:

### I. PARTIES

1.      Plaintiff, R. Joshua Koch, Jr. is an individual residing in New Orleans, Louisiana.

2.      XL is a Delaware corporation with its principal place of business in Connecticut. XL may be served with this lawsuit at Executive Liability Underwriters, One Constitution Plaza, 17th Floor, Hartford, CT 06103.

### II. JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. § 1332, as there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and attorney fees.

4.      Venue is proper under 28 U.S.C. § 1391(a) and (c) as defendant is a corporation within this judicial district doing business and subject to personal jurisdiction within this judicial district.

## III.  FACTUAL BACKGROUND

### The Policy

5.      This lawsuit is about the arbitrary and bad faith refusal of an insurance company to honor its contractual obligations to defend and indemnify its insured, Koch.

6.      Koch was at all time material an officer, the General Counsel, and a member of the Board of Directors of Superior Offshore International, Inc. ("Superior").

7.      Superior purchased Federal Insurance Company Policy No. 8208-2903, (described as its "Executive Protection Portfolio") effective April 20, 2007 through April 20, 2008, plus any extended reporting periods (the "Federal Policy").   Superior purchased XL's Policy No. ELU097478-07 ("Side A" coverage) for the same periods (the "XL Policy").

8.      The XL Policy is a "follow form" policy and provides that if "Loss is not paid by [Federal], this Policy will respond on behalf of the Insured Person as if it were primary. . . ."

9.      Pursuant to the Terms of its Policy, XL obligated itself to provide the coverage contained in the Policy, including but not limited to, a duty to indemnify Koch against any "Loss," including damages and attorneys' fees, as well as "settlements" covered under the Policy.

### The Underlying Lawsuit

10.      On March 12, 2009, H. Malcolm Lovett, Jr., the Plan Agent appointed under a Plan of Reorganization in the Chapter 11 Bankruptcy of Superior, sued all of Superior's officers and inside directors, including Koch, alleging various claims arising out of their tenure as officers and directors of Superior.   The suit filed against Koch was styled *H. Malcolm Lovett, Jr., Plan Agent v. R. Joshua Koch, Jr.*, Adversary No. 09-3114, and filed in the United States

2

Bankruptcy Court for the Southern District of Texas, Houston Division ("Underlying Lawsuit").

11. The filing of the underlying lawsuit constituted a "Claim" as defined under the Policy.

12. Koch promptly provided Federal and XL with notice of the Underlying Lawsuit.

13. Even though the Underlying Lawsuit was filed after the expiration of the Policies, the Underlying Lawsuit is a Related Claim to Claims made while the Policies were in effect.

14. During the policy period of the Policies, Koch (along with all other officers and directors) was sued in a series of securities class actions which have been consolidated (the "Securities Class Action").

15. Koch (along with all other officers and directors) was also sued during the same period in two derivative lawsuits (the "Derivative Lawsuits").

16. The Policy covers Koch for the allegations in the Underlying Lawsuit because (i) he is in Insured Person, (ii) against whom Wrongful Acts are claimed and (iii) the Wrongful Acts alleged are Related Claims to Claims made in the Derivative Lawsuits and in the Securities Class Action; (iv) Federal has denied coverage to Koch for the allegations in the Underlying Lawsuit.

**Insured Person**

17. The Policy defines "insured person" to mean any natural person who was, now is or shall become:

(a) A duly elected or appointed director, officer, Manager or the in-house general counsel of any Organization …

18. In the Statement of Relevant Facts in the Underlying Lawsuit, the plaintiff alleges that Koch served as Superior's "senior vice-president, general counsel and Secretary from approximately May, 2006 through October, 2007. Koch was also a shareholder and member of the Debtor's board of directors during such time." These are the very first facts set out by the

3

plaintiff in his complaint; they form the foundation for his claims.

19.     The Policy defines Insured Capacity as "the position or capacity of an Insured Person that causes him or her to meet the definition of Insured Person . . . ." On the face of the Underlying Lawsuit, the plaintiff unambiguously alleges that Koch was serving in an Insured Capacity.

20.     The Underlying Lawsuit asserts claims for fraudulent and preferential transfers. These claims are based solely on Koch's status as an "Insider".

21.     The term "Insider" as used by the Debtor in the Underlying Lawsuit, is statutorily defined to include, as here, an officer and director of the corporation.

## Wrongful Act

22.     The Underlying Policy form defines Wrongful Act broadly to mean:

"(a)    Any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly attempted or committed by an Insured Person in his or her insured capacity . . . , or

(b)     any other matter claimed against an Insured Person solely by reason of his or her serving in an Insured Capacity."

23.     The XL Policy expands the Federal definition of Wrongful Act to include *"any matter* asserted against an Insured Person solely by reason of his or her status as a director, officer or member of the Board of Managers of the Company." (Emphasis added).

24.     In the Underlying Lawsuit, the allegations that are made against Koch are completely based on his role as an officer, general counsel and director of the Insured Organization.

25.     The claims in the Underlying Lawsuit seek the return of money paid by Superior to Koch because of his position as an "Insider" and, for among other reasons, because he allegedly did not provide reasonably equivalent value to Superior in exchange for the money

4

received.

26.     The Underlying Lawsuit also seeks to have Koch pay plaintiff's attorneys fees and costs.

### Related Claims

27.     The Claims in the (i) Underlying Lawsuit and (ii) Derivative Lawsuits and Securities Class Action are Related Claims. The plaintiffs in the Derivative Lawsuits base their claims on the alleged acts of the officers and directors of the Insured Organization, including Koch, and on the duties of those officers and directors including the alleged duties of loyalty, good faith and the exercise of due care and diligence in the use and preservation of Superior's property and assets. Specifically, the plaintiffs in the Derivative Lawsuits, like the plaintiff in the Underlying Lawsuit, seek the return of the bonuses paid to Koch, as well as all profits, benefits and other compensation paid to Koch.

28.     The claims against Koch in the Underlying Lawsuit are that Superior was not properly capitalized and/or was not solvent at the time certain payments were made to Koch in his capacity as an officer and director of Superior and that Koch did not provide equivalent value in exchange for the payments he received. Likewise, the plaintiffs in the Securities Class Action claim that due to Koch's and others actions, Superior faced "severe liquidity problems" and that the company failed to properly report its financial condition. The claims in all of these matters are absolutely false and are based upon or arise out of the same or a related series of facts, circumstances, situations, transactions or events -- Superior's financial distress and Koch's, among others, alleged liability in connection with that distress. Clearly, the claims against Koch in the Underlying Lawsuit relate to the claims in the Derivative Lawsuits and the Securities Class Action and are covered under the Policies.

## XL's Denial of Coverage

29.     Koch provided Federal with notice of the Underlying Lawsuit following service of the Underlying Lawsuit on him.

30.     By letter dated April 13, 2009, Federal denied coverage to Koch.   Federal reaffirmed its denial of coverage by letter to Koch dated May 29, 2009.

31.     Following the denial of coverage by Federal, Koch made formal demand on XL for coverage.

32.     In spite of its contractual duty to step in when Federal denied coverage, XL also improperly denied coverage to Koch for the Underlying Lawsuit.

33.     XL's denial forced Koch to continue defending the Underlying Lawsuit himself. Without XL's participation in the Underlying Lawsuit, Koch faced potentially ruinous liability and mounting legal fees, all of which are actually covered under the XL Policy once Federal denied coverage.

34.     Because of his financial inability to continue to defend the Underlying Suit, Koch was compelled to settle the Underlying Suit.

35.     Koch seeks coverage for and reimbursement of all attorneys fees and costs, damages, all amounts paid or incurred in settlement, statutory damages and penalties, exemplary damages, consequential damages and attorney fees and expenses incurred in the bringing of the instant action.

## IV.  CAUSES OF ACTION

### COUNT 1
### Breach of Contract

36.     Koch incorporates by reference paragraphs 1–35, as if fully set forth.

37.     The Policy expressly and unambiguously provides coverage for Koch for

"Losses" arising from a "Wrongful Act."

38.     Under the XL Policy, a "Wrongful Act" includes "any matter asserted against an Insured Person solely by reason of his or her status as a director, officer or member of the Board of Managers of the Company."

39.     XL has breached its duty to defend and indemnify Koch.

40.     The Policy expressly and unambiguously provides coverage for "Claims" brought by "a bankruptcy trustee" or any similar official who has been appointed to take control of, supervise, manage or liquidate Superior.

41.     The above language in the Policy, along with the language in the entire Policy, clearly expresses XL's contractual obligation to provide Koch with coverage of the claims made against him in the Underlying Lawsuit.

42.     XL has breached its duty to indemnify Koch for covered claims.    The claims asserted in the Underlying Lawsuit are covered under the Policy because the allegations contained in the Underlying Lawsuit fit squarely into the coverage provisions and definitions of the Policy.

43.     The denial of coverage by XL caused Koch significant mental anguish and worry.

44.     XL failed to pay any Defense Costs and failed to indemnify Koch for covered claims.  XL's conduct foreseeably and proximately caused actual and consequential damages to Koch in excess of $75,000, exclusive of interest and attorneys' fees.

## COUNT 2
### Violations of LSA-R.S. 22:1220 and 22:658

45.     Koch incorporates by reference paragraphs 1-44.

46.     XL's denial of coverage was arbitrary, capricious and in bad faith.

47.     The above-referenced wrongful acts, misrepresentations and omissions of XL as

7

previously summarized also constitute violations of Louisiana Revised Statutes Annotated 22:1220 and 22:658. As a result of these acts or omissions, Koch suffered and is entitled to recover actual damages, reasonable and necessary attorneys' fees and costs, penalties and interest.

## V. DAMAGES

48. Koch incorporates herein by reference paragraphs 1–47.

49. XL has foreseeably and proximately caused actual and consequential damages to Koch. These damages include, among others that will be shown at the time of trial, attorney fees and costs, amount paid or incurred in settlement, mental anguish, penalties, attorney fees incurred in bringing this action and interest on the above.

50. Koch is also entitled to exemplary damages and statutory penalties as a result of XL's conduct.

## VI. INTEREST

51. Koch incorporates herein by reference paragraphs 1-50.

52. Koch is entitled to and requests the award of pre- and post-judgment interest at the highest legal rate, including interest allowable under Louisiana law.

WHEREFORE, PREMISES CONSIDERED, KOCH respectfully requests that upon final hearing of this matter, Koch have judgment of and from XL and that Koch recover actual damages, statutory damages and penalties, exemplary damages, pre-judgment interest, post-judgment interest, costs and attorneys' fees, and that this Court declare that the Policy issued by XL provides coverage for Koch in the Underlying Lawsuit, together with such other and further relief to which he may be justly entitled.

Respectfully submitted,

F. EVANS SCHMIDT, Bar No. 21863
Koch & Schmidt, L.L.C.
650 Poydras Street, Suite 2415
New Orleans, Louisiana 70130
Tel:   (504) 208-9040
Fax:   (504) 208-9041
Attorneys for R. Joshua Koch, Jr.

9